UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO MAZON, | No. 2:25-cv-0554 CKD P |
| Plaintiff, | |
| v. | ORDER |
| RADU, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that plaintiff may proceed on a claim against defendant Radu based upon retaliation for protected conduct arising under the First Amendment. Plaintiff has two options: (1) proceed on the claim identified above; or (2) seek leave to file an amended complaint in an attempt to cure deficiencies with respect to other claims.

In deciding whether to file an amended complaint, plaintiff should consider the following:

1. The Eighth Amendment prohibits the "the unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986), not confiscation of property.

2. In order to state a claim under the Free Exercise Clause of the First Amendment, plaintiff must point to facts demonstrating a substantial burden on his religious exercise. See Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031–32 (9th Cir. 2015) (quoting Ohno v. Yasuma, 723 F.3d 984, 1011 (9th Cir. 2013)).

3. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations, like plaintiff's allegations against defendant Covello, are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to (1) proceed on a claim against defendant Radu based upon retaliation for protected conduct arising under the First Amendment and voluntarily dismiss all other claims and defendants or (2) file an amended complaint in an attempt to cure the deficiencies in his complaint with respect to his other claims. If plaintiff does not return the form, this action will proceed on the claim described above and the court will recommend all other claims and defendants be dismissed.

Dated: February 28, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mazo0554.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO MAZON,<br><br>    Plaintiff,<br><br>  v.<br><br>RADU, et al.,<br><br>    Defendants. | No. 2:25-cv-0554 CKD P<br><br>PLAINTIFF'S NOTICE OF<br>HOW TO PROCEED |

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on a claim against defendant Radu based upon retaliation for protected conduct arising under the First Amendment.  Plaintiff voluntarily dismisses all other claims and defendants.  **OR**

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

_____
Plaintiff

4